Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Russell Young, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, Travis Murakami and Alika Fujimoto; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli, Travis Murakami and Barbara Kono; *Vacation & Holiday Fund by its trustees* James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell Tynanes, Ralph | CIVIL NO. CV23-00330-JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST REGINALD S. LEITE, DOING BUSINESS AS RSL DRYWALL LLC<br><br><br>Hearing Date: February 23, 2024<br>Time: 9:00 a.m.<br>Judge: Kenneth J. Mansfield<br><br>No Trial Date Set. |

| | |
|---|---|
| Hoohuli, Travis Murakami, Tom Broderick and Blake T. Inouye; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Bill Wilson, Lance Wilhelm, Sean Newcamp, Kyle Chock, Mitchell Tynanes, Ralph Hoohuli, Travis Murakami; Dale Sakamoto-Yoneda and Richard Balicoco; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, Travis Murakami and Michael Inouye; *Drywall Training Fund by its trustees* Vince Nihipali, Sr., Lito Alcantra, Bert Beaman, Mike Goodnight, Kevin Respecki, Sean Newcamp, Garrett Takara, Edmund Aczon, David Samson and Ivan Lay; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, Travis Murakami and Michael Inouye; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| REGINALD S. LEITE, doing business as RSL DRYWALL LLC; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS | )<br>)<br>)<br>) |

2

| | |
|---|---|
| 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100,<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST REGINALD S. LEITE, <u>DOING BUSINESS AS RSL DRYWALL LLC</u>**

On August 7, 2023, Trustees of the Hawaii Carpenters Trust Funds ("HCTF" of "Trust Funds") filed a Complaint against Reginald S. Leite, doing business as RSL Drywall, LLC (hereinafter "Defendant Leite").

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (t).

Service of the Complaint and Summons was effected upon Defendant Leite August 22, 2023. Upon service of the Complaint and Summons, Defendant Leite failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Defendant Leite, and on November 9, 2023, the Clerk of the Court made an Entry of Default of Defendant Leite.

3

On December 27, 2023, HCTF filed a motion for entry of default judgment against Defendant Leite seeking specific audit materials ("Requested Records") from Defendant Leite, specifically:

1. Payroll registers for the audit period (February 2020 to present)
2. Time cards and/or time sheets
3. All State and Federal quarterly reports (941's, 940 & state unemployment)
4. Individual earning records for all employees (W-2's & W-3's)
5. All Forms 1099 & 1096 issued for the audit period
6. Listings & classifications for all employees on the payroll
7. All bank statements & canceled checks for all payroll and general ledger accounts maintained
8. All check registers for all payroll and general ledger accounts maintained
9. Trust fund transmittals for the audit period.
10. General Excise/Use Tax return.

HCTF also requested their attorneys' fees and costs incurred in pursuing this action in the reasonable amount of $3,278.05. Further, HCTF expect to incur an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the attendance at the hearing of this motion, and finalization of the order and judgment thereafter. Accordingly, HCTF requested attorneys' fees and costs in the amount of $4,063.39.

HCTF Motion for Default Judgment by Court came on for hearing on February 23, 2024 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant Leite. Jeffrey P. Miller appeared on behalf of the Trust Funds. Defendant Leite failed to appear after three

4

calls by the courtroom manager and failed to otherwise respond to the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, the attached declaration of Sarah Kobayashi, and the exhibits thereto, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named HCTF was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Defendant Leite is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters. Pursuant to the CBA, each month Defendant Leite is required to submit to the HCTF office a report detailing the number of hours each of its employees worked on a union

jobsite for the previous calendar month. The report details the hourly benefit rate for each of the trust funds for each employee, based on the employee's classification, and calculates the amount of contributions owed under the CBA based on the classification of the employee and the number of hours worked. The employer is required to submit the reported hours and calculated contributions to the trust funds no later than the twenty fifth day of the month following the work performed in the prior calendar month. Defendant Leite is also obligated to HCTF to permit audits and allow inspection of its payroll and other records to confirm the amounts owed pursuant to the CBA.

   3.   Despite repeated requests by HCTF, Defendant Leite has failed to, and continues to fail to, permit audits and to allow inspection of his payroll and other records as provided by the CBA so that HCTF are able to ascertain whether all contributions due have been paid.

   4.   The Complaint seeks an order requiring Defendant Leite to produce and make available the Requested Records which Defendant Leite was and is required to produce pursuant to the Collective Bargaining Agreement.

   5.   Defendant Leite's obligations to HCTF to pay trust fund contributions are continuing obligations and Defendant Leite may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or proof.

6. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant Leite further promised that if it became necessary for HCTF to take legal action to enforce the terms of the CBA, including providing audit materials, from Defendant Leite, Defendant Leite would be obligated pay all of HCTF court costs, collection costs, and reasonable attorneys' fees.

7. Defendant Leite breached the CBA by its continuous failure to produce or make available the Requested Records.

8. HCTF are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant Leite's employees both before and after August 7, 2023.

9. As fiduciaries, HCTF have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

10. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in Eitel v. McCool,

782 F.2d 1470, 1472 (9th Cir. 1986).  Evaluating all of the Eitel factors, default judgment against Defendant Leite is appropriate.

       11.    An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

       12.    This Court reviewed the billing records of HCTF counsel and the declarations attached to HCTF motion.  Upon said review, this Court finds the attorneys' fees and costs in the amount of $4,063.39 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs HCTF and against Defendant Reginald S. Leite, doing business as RSL Drywall, LLC a default Judgment against Reginald S. Leite, doing business as RSL Drywall, LLC requiring Reginald S. Leite, doing business as RSL Drywall, LLC to produce the Requested Records to Plaintiffs, including default Judgment in the amount of $4,063.39 in reasonable attorneys' fees and costs, without prejudice to the Trust Funds to seek other and further damages from Defendant Leite arising from unaudited hours worked by Defendant Leite's employees both before and after August 7, 2023.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 26, 2024.

Kenneth J. Mansfield
United States Magistrate Judge

_____

*Hawaii Carpenters Trust Funds vs. Reginald S. Leite, Doing Business as RSL LLC*; Civil No. CV23-00330-JMS-KJM, U.S.D.C.; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST REGINALD S. LEITE, DOING BUSINESS AS RSL DRYWALL LLC

9